IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Criminal Action No. 6:09-cr-0893-10-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Benjamin Lee Landers ) | |
| ) | |
| _____ ) | |

Defendant Benjamin Lee Landers ("Defendant"), proceeding *pro se*, filed the instant Motion for Judicial Recommendation for Full-Term Halfway House Placement (ECF No. 490), seeking a letter or an order recommending the maximum halfway house placement of twelve months under the Second Chance Act of 2007, Pub. L. No. 110-199 (2008). The United States of America ("the Government") has responded in opposition to Defendant's motion. (ECF No. 495). The Government's primary contention is that the court has no jurisdiction to make the requested recommendation. *Id.* For the reasons set forth below, the court **DENIES** Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is presently confined in Federal Correctional Institution ("FCI") Estill in Estill, South Carolina. (ECF No. 490 at 2). On October 13, 2009, the Grand Jury indicted Defendant for conspiracy to distribute methamphetamine. (ECF No. 115). Defendant pled guilty to this charge on November 19, 2009. (ECF No. 211). On May 4, 2010, Defendant was sentenced by former South Carolina District Judge Henry F. Floyd to a term of seventy months. (ECF No. 384 at 2). Defendant's case was reassigned to the undersigned on May 29, 2013. (ECF No. 492). Defendant reports that he has currently served about 45 months of his sentence. (ECF No. 290 at 2).

On May 23, 2013, Defendant filed the instant motion requesting that the court recommend that he serve the final twelve months of his detention in a halfway house. *Id.* at 1. Defendant implies he is deserving of this privilege due to the goals he has achieved while in custody. *Id.* at 2. Defendant states that he has paid all of his assessment fees, maintained steady employment, and participated in over 600 hours of treatment programs while in prison. *Id.* The Government argues that the court is without the authority to offer such recommendation. (ECF No. 495). The Government also contends that even if the court could make the recommendation, it should not because it lacks sufficient information upon which to base the recommendation. *Id.*

## DISCUSSION

Defendant claims that the court has authority to issue a recommendation for a halfway house placement under the 18 U.S.C. § 3621(b) provision of the Second Chance Act. That section states in relevant part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment…that the Bureau determines to be appropriate and suitable, considering…
>
> (4) any statement by the court that imposed the sentence –
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate[.]

*Id.* Defendant argues that pursuant to § 3621(b)(4)(B), this court can issue a letter or order recommending halfway house placement. The Government contends that "the time for the recommendation [Defendant] requests was during the original sentencing proceeding". (ECF No. 495 at 2). In other words, the Government argues that Defendant's request was made too late. The court agrees.

The court is aware of no authority by which it may issue a recommendation for halfway house placement at this late stage. Significantly, Defendant has cited no support for this assumption. Even assuming the court has the authority to offer a belated recommendation, Defendant has offered no support for his purported accomplishments while in custody. Given that the court is unfamiliar with Defendant's confinement record, the court believes the Bureau of Prisons is best situated to evaluate the appropriateness of halfway house placement for Defendant.

Therefore, the court denies Defendant's motion.

## CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Defendant's Motion for Judicial Recommendation for Full-Term Halfway House Placement (ECF No. 490).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 7, 2013
Greenville, South Carolina